# EXHIBIT A

COMMONWEALTH OF KENTUCKY
DAVIESS CIRCUIT COURT
DIVISION II CIVIL ACTION NO. 17-CI-00902

FILED
SEP 01 2017
SUSAN W. TIERNEY, CLERK
BY: _____ D.C.

KEVIN K. TODD            PLAINTIFF

V.

COVENANT SECURITY SERVICES, INC.
400 Quadrangle Drive
Suite A
Bolingbrook, Illinois 60440            DEFENDANT

    Serve: Corporation Service Co.
           Registered Agent
           421 West Main Street
           Frankfort, Kentucky 40601

**************************************************************
**VERIFIED COMPLAINT**
**************************************************************

COMES NOW the Plaintiff, **Kevin K. Todd**, ("Plaintiff" or "Todd"), by and through counsel and for his cause of action against the Defendant, Covenant Security Services, Inc., ("Defendant" or "Covenant"), states as follows:

1. The Plaintiff Kevin K. Todd is, and has been at all times relevant hereto, a resident of Utica, Daviess County, Kentucky, and his place of residence is: 9717 ½ Highway 81, Utica, Kentucky, 42376.

2. The Defendant Covenant Security Services, LTD is a foreign corporation authorized to conduct business in the Commonwealth of Kentucky and whose principal place of business is located at 400 Quadrangle Drive, Suite A, Bolingbrook, Illinois, 60440.

3. The Plaintiff was an employee of the Defendant between **April, 2009 and October, 2015**. The parties maintained an employer/employee relationship as defined in **KRS Chapter 344**.

4. The Plaintiff's causes of action are brought pursuant to the Kentucky Civil Rights Act, **KRS Chapter 344 *et seq.***, the Americans with Disabilities Act, the Age Discrimination in

Employment Act and the common law of the Commonwealth of Kentucky.

5. The Daviess Circuit Court has jurisdiction of this case pursuant to **KRS 23A.010(1)** and **KRS 344.450**.

6. Venue is proper in this court because the injury arising from these events occurred in Daviess County, Kentucky. (**KRS 452.450** and **KRS 452.460(1)**).

7. Plaintiff was employed as a security guard for the Defendant Covenant Security Services, LTD from **April 17, 2009** until **October 6, 2015**. When he first started working for Defendant, he hired in at $9.00 per hour. At the time that he left Defendant's employment, he was earning approximately $10.00 per hour.

8. Plaintiff's immediate supervisor at the time he left the Defendant's employ was Lisa Adkisson.

9. On or about **January 15, 2015**, Plaintiff informed his supervisor, Lisa Adkisson, of his disability and limitation regarding walking due to chronic pain. In fact, there were several occasions during the Plaintiff's employment with the Defendant's local management team that he advised them of his disability.

10. On or about **March 5, 2015**, Plaintiff requested that a reasonable accommodation be made concerning his situation which would allow him to continue full-time employment with the Defendant.

11. In **May, 2015**, Plaintiff's physician completed the reasonable accommodation paperwork, which the Plaintiff submitted to Defendant.

12. On **October 6, 2015**, Plaintiff again requested reasonable accommodation. Instead of providing reasonable accommodation, the company changed the job duties required to perform the job that Plaintiff performed, making it even more difficult for him to perform the job without the

requested accommodation. When Plaintiff advised Defendant that he could not perform the job under the new requirements without the requested accommodation, Defendant terminated Plaintiff's employment with its company. The termination occurred on **October 6, 2015**.

13. The Plaintiff was replaced in this position by an employee who is 22 years of age. Plaintiff was 57 years old at the time of termination.

14. Plaintiff filed a Complaint of Discrimination with the EEOC. The notice of right to sue was issued by the EEOC on **June 7, 2017**, which grants the Plaintiff ninety (90) days to file a lawsuit against the Defendant in either federal or state court.

## CAUSE NO. 1
## DISCRIMINATION BASED ON DISABILITY

15. Plaintiff incorporates each and every preceding allegation of this Complaint, as if fully and specifically set forth.

16. Plaintiff's claim against Defendant arises under the Kentucky Civil Rights Act, KRS Chapter 344 *et seq.*, and the Americans with Disabilities Act (ADA), and relates to his employment by the Defendant.

17. The Plaintiff suffers from a disability that qualifies under the American Disabilities Act because it is a physical or mental impairment that substantially and significantly limits his major life activities, particularly in regard to walking, and there is a record of the disability.

18. The Defendant is an employer within meaning of KRS Chapter 344 and the ADA.

19. Plaintiff was subjected to discrimination by the Defendant when it refused and failed to provide reasonable accommodation for the Plaintiff's disability. The accommodation requested by Plaintiff was reasonable and would have allowed the Plaintiff to continue performing the essential functions of the job.

20. The discrimination by the Defendant was a result of the Plaintiff's disability, and the Defendant is liable for damages sustained by Plaintiff as a result of the discrimination.

21. As a direct and proximate cause of the discrimination by the Defendant, the Plaintiff has suffered loss of income and benefits, emotional and mental distress, and Plaintiff should be awarded compensatory and punitive damages as against the Defendant. Defendant's conduct was retaliatory, intentional, willful and malicious and carried out with a flagrant indifference for the Plaintiff's rights, and specifically intended to prevent Plaintiff from continuing his employment with the Defendant.

### CAUSE NO. 2
### AGE DISCRIMINATION

22. Plaintiff incorporates each and every preceding allegation of this Complaint, as if fully and specifically set forth.

23. Plaintiff asserts that his termination also violated the Age Discrimination in Employment Act (ADEA). Plaintiff was a member of a protected age class because he was 57 years old when terminated by the Defendant. Plaintiff suffered an adverse employment decision because he was terminated. At the time of termination, the Plaintiff would have still be qualified to perform the job which he held, although he needed a reasonable accommodation due to his disability. The Defendant replaced the Plaintiff in the position by a younger individual believed to be 22 years of age.

24. As a direct and proximate cause of the discrimination by the Defendant, the Plaintiff has suffered loss of income and benefits, emotional and mental distress, and Plaintiff should be awarded compensatory and punitive damages as against the Defendant. Defendant's conduct was retaliatory, intentional, willful and malicious and carried out with a flagrant indifference for the Plaintiff's rights, and specifically intended to prevent Plaintiff from continuing his employment with the Defendant.

WHEREFORE, the Plaintiff prays:

1. For declaration that the Defendant's conduct is in violation of the Plaintiff's rights, and for judgment against the Defendant;

2. For all his damages, both compensatory, consequential and punitive from the Defendant;

3. For his attorney fees and costs; and

4. For any and all other relief to which he may appear entitled.

Respectfully Submitted,

BAMBERGER, BRANCATO & CURETON PSC
111 West Second Street, P.O. Box 1676
Owensboro, Kentucky 42302-1676
Voice: 270/926-4545; Fax: 270/684-0064
E-mail = ccureton@brancatolaw.com

Hon. Cheryl N. Cureton
Counsel for the Plaintiff

## VERIFICATION

I hereby state that I have read the foregoing Complaint and that the contents thereof are true and correct to the best of my knowledge and belief.

Kevin K. Todd, Plaintiff

SUBSCRIBED, SWORN TO, and ACKNOWLEDGED before me by Kevin K. Todd, Plaintiff, on this September 1, 2017.

Notary Public, KY State-at-Large
Notary ID# 540778
My Commission Expires: 8/30/19

Z:\1 Firm\BB&C-3\Employment Discrimination\Todd, Kevin\Complaint-01.wpd



Susan W. Tierney
Circuit Court Clerk
Daviess Circuit & District Courts
Holbrook Judicial Center
100 East 2nd Street, P.O. Box 277
Owensboro, Kentucky 42302-0277

CORPORATION SERVICE CO.
REGISTERED AGENT
421 WEST MAIN STREET
FRANKFORT, KY 40601

17-CI-00902/COVENANT SECURITY SERVICE

CERTIFIED MAIL
9414 7266 9904 2964 0783 28
RETURN RECEIPT REQUESTED

U.S. POSTAGE » PITNEY BOWES
ZIP 42303 $ 010.00°
02 4R
0000340085 SEP. 01. 2017.

Generated: 09/01/2017

| | | |
|---|---|---|
| AOC-S-105  Sum Code: CI<br>Rev. 7-99<br><br>Commonwealth of Kentucky<br>Court of Justice<br>CR 4.02; Cr Official Form 1 | <br>Civil Summons | Case Number **17-CI-00902**<br>Court CI<br>County **DAVIESS** |

*Plantiff*, TODD, KEVIN K.  VS. COVENANT SECURITY SERVICES, INC,, *Defendant*

COVENANT SECURITY SERVICES, INC,
400 QUADRANGLE DRIVE
SUITE
BOLINGBROOK        IL    60440

The Commonwealth of Kentucky to the above-named Defendant(s):

You are hereby notified that a legal action has been filed against you in this court demanding relief as shown on the document delivered to you with summons. Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days following the day this paper is delivered to you, judgement by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding such relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this summons.

Circuit/District Clerk, SUSAN TIERNEY

By _____, DC

Date: 09/01/2017



CI   17-CI-00902
TODD, KEVIN K.  VS. COVENANT SECURITY SERVICES, INC,

